THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DOROTHY C. KIM (Cal. Bar No. 206333)
SARAH J. HEIDEL (Cal. Bar No. 209886)
Assistant United States Attorneys
Public Integrity & Environmental Crimes Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3779/2451
Facsimile: (213) 894-6436
E-Mail: dorothy.kim@usdoj.gov
sarah.heidel@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIAMLEMOS SHIPPING CORP.,<br><br>Defendant. | CR No. 08-265<br><br>PLEA AGREEMENT FOR DEFENDANT DIAMLEMOS SHIPPING CORP. |

1. This constitutes the plea agreement (the "Agreement") between DIAMLEMOS SHIPPING CORP. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This Agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. The parties enter into the following Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

PLEA TO INFORMATION

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a two-count information charging defendant with two counts of failing to maintain an accurate Oil Record Book, in violation of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1908(a), 33 C.F.R. § 151.25(a), (d), and (h).

3. Defendant will appear for arraignment, enter its guilty pleas, and appear for sentencing through an authorized corporate representative or company officer.

NATURE OF THE OFFENSE

4. In order for defendant to be guilty of counts one and two, which charge violations of 33 U.S.C. § 1908(a), 33 C.F.R. § 151.25(a), (d), and (h), the following must be true: (1) defendant, by and through its agents and employees, failed to maintain an Oil Record Book in which all disposals of oil residue and overboard discharges and disposals of bilge water were required to be fully recorded; and (2) defendant, by and through its agents and employees, acted knowingly, meaning defendant, by and through its agents and employees, knew of the act (or omission) and did not act through ignorance, mistake, or accident.

Defendant admits that defendant is, in fact, guilty of the offenses as described in counts one and two of the information.

Under well-established principles of corporate liability and *respondeat superior*, as these principles apply in this case, the

defendant is liable for the actions of its agents and employees. New York Central and Hudson River R.R. v. United States, 212 U.S. 481, 495 (1909); United States v. Beusch, 596 F.2d 871, 877 (9th Cir. 1979); United States v. Hilton Hotels Corporation, 467 F.2d 1000, 1004-07 (9th Cir. 1972).

PENALTIES

5. The statutory maximum sentence that the Court can impose on an organization for a felony conviction of 33 U.S.C. § 1908(a), is a term of five years probation, pursuant to 18 U.S.C. § 3561(c)(1), a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), or twice the gross gain or gross loss resulting from the offense, whichever is greatest, pursuant to 18 U.S.C. § 3571(d), and a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B).

Therefore, the total maximum sentence for the offenses to which defendant is pleading guilty is: five years of probation; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $800.

FACTUAL BASIS

6. Defendant and the USAO agree and stipulate to the statement of facts provided in the attached statement of facts at Attachment A. This statement of facts includes facts sufficient to support the pleas of guilty to the charges described in this Agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts

known to either party that relate to that conduct.

WAIVER OF CONSTITUTIONAL RIGHTS

7. By pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to the assistance of counsel at trial.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to call witnesses to testify on defendant's behalf and to subpoena those witnesses to testify.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, constitutional claims, and other pretrial motions that have been filed or could be filed.

SENTENCING FACTORS

8. Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization.

9. Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall be sentenced to a term of organizational probation for three years, based upon the following factors set forth in 18

U.S.C. § 3553(a): The nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

The terms and conditions of probation shall be:

    a. Defendant shall pay a total criminal fine of $750,000 as to counts one and two of the information.

    b. Defendant shall make organizational community service payments in the total amount of $250,000 pursuant to U.S.S.G. § 8B1.3 and in furtherance of the sentencing principles provided in 18 U.S.C. § 3553(a), for the purpose of funding the projects set forth below in paragraph 10.

    c. Within seven days after the date of sentencing, defendant shall make a payment of $500,000 in the following manner: (1) $250,000 of the total fine shall be paid in the form of a cashier's check payable to the Clerk of the United States District Court of the Central District of California; and (2) $250,000 of community service shall be paid in the form of a cashier's check to the community service projects described below in paragraph 10. Within one year of the date of sentencing, defendant shall pay the remaining criminal fine ($500,000), in the form of a cashier's check payable to the Clerk of the United States District Court of the Central District of California. The parties further stipulate and agree that the total fine and

community service to be paid pursuant to this Agreement (and any additional criminal fine imposed for any violation of probation), constitutes the maximum penalty under this Agreement, regardless of whether or in what manner the Court decides to allocate any portion of that sum toward community service projects.

      d.   Defendant agrees that it shall commit no further violations of federal, state, or local law and shall conduct all its operations in accordance with the MARPOL Protocol.

      e.   Consistent with the sentencing policies set forth in U.S.S.G. § 8D1.4, defendant agrees to develop, adopt, implement and fund the Environmental Management System/Compliance Plan ("EMS") attached hereto as Attachment B.  Defendant shall be responsible for all costs associated with the development, implementation, maintenance and monitoring of the EMS.

      f.   Defendant agrees that during the period of probation, and at all reasonable times and with as reasonable prior notice to the United States Coast Guard and United States Environmental Protection Agency ("US EPA") as practicable, it will provide the Coast Guard and US EPA with full access to its vessels listed in the EMS, as well as all facilities, employees, and records that are relevant to monitoring compliance with the terms and conditions of the EMS.

      g.   If defendant changes its name, the renamed company shall be obliged to meet all of the obligations of defendant under this Agreement.  If defendant merges with another company through a stock or asset purchase, the newly-created or merged

company shall be obliged to meet all of the obligations of defendant under this Agreement with regard to those vessels managed by defendant at the date of the merger.

h. The parties recognize that during the term of probation, the number and identity of vessels managed by defendant that call in the United States may increase or decrease. Any vessel the management of which is assumed by defendant and which calls in the United States shall be included within the scope of its EMS. Any vessel removed from management by defendant or which stops calling in the United States shall be excluded from the scope of its EMS.

i. Defendant stipulates and agrees to pay full restitution, in the amount of $1,920 to the victims of the offense, namely, the Coast Guard, for costs incurred in responding to, sampling for, analyzing, and investigating the violations at issue in this matter.

j. Defendant agrees to pay to the Clerk of the United States District Court for the Central District of California on the date of sentencing (or as soon as the Court is able to accept the payment) the mandatory special assessment of $800 as to counts one and two pursuant to 18 U.S.C. § 3013(a)(2)(B).

COMMUNITY SERVICE

10. Defendant shall make organizational community service payments in the total amount of $250,000 pursuant to U.S.S.G. § 8B1.3 and in furtherance of the sentencing principles provided for under 18 U.S.C. § 3553(a). The explicit goal of defendant's

required community service is to fund environmental projects and initiatives designed for the benefit, preservation, and restoration of the environment and ecosystems in the Central District of California. These projects and initiatives are to include, but are not limited to, the following: monitoring, study, restoration, and preservation of fish, wildlife, and plant resources; monitoring, study, clean up, remediation, sampling, and analysis of pollution and other threats to the environment and ecosystem; research, study, training, planning, repair, maintenance, education, and public outreach relating to the environment and ecosystem; and enforcement of environmental and wildlife protection laws. Accordingly, defendant agrees that within seven days after sentencing, defendant shall pay a total of $250,000 to the agencies listed below:

    a.  $125,000 to the National Marine Sanctuary Foundation ("NMSF"), for use in the Channel Islands National Marine Sanctuary ("CINMS"), headquartered in Santa Barbara, California, to support the protection and preservation of natural and cultural resources located in and adjacent to the CINMS, including, but not limited to, the following: the study, research, and survey of resources; the abatement, cleanup, and remediation of pollution in the CINMS; the training of personnel; and the enforcement of environmental and resource laws.

    b.  $125,000 to the National Fish and Wildlife Foundation (the "NFWF") to be used by the NFWF for the preservation, restoration, and general protection of marine

wildlife, resources, and ecosystems located in the Central District of California, including projects designed to protect and restore populations of sea birds, fisheries, wildlife, and marine mammals, in or near the coastal waters and intercoastal waterways of the Central District of California. Monies may also be used for the purchase of communication and defensive equipment and patrol vessels and vehicles; training; response to and clean up of pollution spills or threats of pollution; vessel pollution prevention; preservation and or construction of facilities; collection, research, analysis, study, preservation, storage, display, and protection of historical, cultural, natural, and marine and island resources and wildlife; and law enforcement and patrol operations.

    11.    Defendant agrees that because the payments to the agencies are community service by an organization, defendant will not seek any reduction in its tax obligations as a result of such community service payment. Defendant further agrees that because these payments are part of a criminal settlement agreed upon in this Agreement, defendant will not characterize, publicize, or refer to the payment as anything other than a community service payment made as a condition of probation incidental to a criminal conviction.

DEFENDANT'S OBLIGATIONS

12. Defendant agrees:

a. To plead guilty as set forth in this agreement.

b. To abide by all sentencing stipulations contained in this agreement.

c. To appear as ordered for all court appearances and obey any other ongoing court order in this matter.

d. Not to commit any crime.

e. To be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f. To pay the applicable special assessment at the time of sentencing or as soon as the Court is able to accept payment.

g. To pay $250,000 of the fine and $250,000 of community service within seven days after sentencing and the remaining fine within one year of sentencing.

THE USAO'S OBLIGATIONS

13. If defendant complies fully with all of defendant's obligations under this Agreement, the USAO agrees to abide by all sentencing stipulations contained in this Agreement. In addition, in exchange for defendant's full compliance with its obligations under this Agreement, the USAO agrees not to prosecute defendant for any additional known offenses arising out of the conduct giving rise to this investigation, except as reserved in paragraphs 14 and 15 below.

BREACH OF AGREEMENT

14. If defendant, at any time between the execution of this Agreement and defendant's sentencing knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this Agreement.

15. Following a knowing and willful breach of this Agreement by defendant, should the USAO elect to pursue any charge that was not filed as a result of this Agreement, then:

a. Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b. Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this Agreement.

LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK

16. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 9 above. Defendant also gives up any right to bring a

post-conviction attack on the conviction or sentence, except a post-conviction attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

17. The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraph 9 above.

COURT NOT A PARTY

18. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. In the event the Court declines to accept this agreement, the parties may opt to withdraw their assent to the terms herein.

NO ADDITIONAL AGREEMENTS

19. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

20. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This Agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

[signature] mar. 4, 2008

DOROTHY C. KIM Date
SARAH J. HEIDEL
Assistant United States Attorneys

As an authorized representative of defendant DIAMLEMOS SHIPPING CORP. ("defendant"), I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me

or defendant other than those contained in this Agreement. No one has threatened or forced me or defendant in any way to enter into this Agreement. Finally, I am satisfied with the representation provided by defendant's attorney in this matter.

[signature] 02/27/2008

Authorized Corp. Representative of defendant DIAMLEMOS SHIPPING CORP. Date

I am defendant's attorney. I have carefully discussed every part of this Agreement with the authorized representative of defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, the decision of defendant and its authorized representative to enter into this agreement is an informed and voluntary one.

signature on next page

MARC R. GREENBERG Date
Counsel for Defendant
DIAMLEMOS SHIPPING CORP.

or defendant other than those contained in this Agreement. No one has threatened or forced me or defendant in any way to enter into this Agreement. Finally, I am satisfied with the representation provided by defendant's attorney in this matter.

Signature on prior page

_______________________ Date

Authorized Corp. Representative
of defendant DIAMLEMOS SHIPPING CORP.

I am defendant's attorney. I have carefully discussed every part of this Agreement with the authorized representative of defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, the decision of defendant and its authorized representative to enter into this agreement is an informed and voluntary one.

_______________________ 2/21/08

MARC R. GREENBERG
Counsel for Defendant
DIAMLEMOS SHIPPING CORP.

Date